UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MICHAEL DALE HOWARD                                        PLAINTIFF

v.                                       CIVIL ACTION NO. 4:12CV-P92-M

JOE GLENN, SHERIFF'S OFFICE *et al.*                      DEFENDANTS

<u>MEMORANDUM OPINION</u>

Plaintiff Michael Dale Howard filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.

*See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the

complaint will be dismissed.

## I. <u>SUMMARY OF CLAIMS</u>

Plaintiff is a convicted state inmate incarcerated at the Kentucky State Penitentiary

(KSP).  He brings suit against Daviess County Sheriff/Administrator Joe Glenn and Attorneys

Julia H. Gordon and David W. Lamar in their individual and official capacities.

In the complaint, Plaintiff first reports that on April 10, 2003, he was sent to prison for

"15 yrs. 85%."  He reports being beaten and losing his eye sight "all because I am a child

molester."  He states that his Sixth and Fourteenth Amendment rights guarantee a criminal

defendant a meaningful opportunity to present a complete defense.  He states that "[a]ccording to

the Sixth Amendment, my lawyer David W. Lamar didn't perform his duties as required by the

American Bar Association."  If Defendant Lamar had performed his duties, claims Plaintiff, "I

would have had a lesser sentence plus I would have appealed my sentence. . . . [I]f he had

investigated the outcome would have been a reversed decision on my sentence."  He alleges that

he was "illegally forced to take a plea bargain" and "recently discoverd 'Brady materials' were

improperly withheld by my counsel [and] the Commonwealth of which I had no knowledge . . .
[which] could have proved my innocence [and] me not coming to prison."

Second, Plaintiff reports that on July 19, 2008, his mother passed away.  He then states as
follows:

> I was told by David C. Payne, Judge, to appear [and] protest against my mom's
> estate.  There was a difference in time zones [and] Julia H. Gordon was appointed
> my lawyer.  Also, the Sheriff's Office was sole fuduciary on my estate, Joe Glenn.
> According to the 6th Amendment my right to ineffective assistance of counsel was
> violated by Julia H. Gordon.  Her duties were to let me know all information about
> my estate which she didn't.  Since Joe Glenn couldn't locate me, [and] no one else
> protesting, everthing including personal items were sold.  The state didn't have the
> right to sell without my approval.  I have been trying to locate my inheritance and
> no one has sent me information.  I have notified the American Bar Association [and]
> have asked that her license be removed [and] to pay me the rest of the money she
> owes including interest.

Plaintiff states that "[this] claim along with [Claim 1] is in violations of the 6th Amendment right
to ineffective assistance of counsel along with the American Bar Association and the duties
required also by the Supreme Court as well."

As relief, Plaintiff seeks monetary and punitive damages and to have Defendants Lamar's
and Gordon's "licenses permanently removed" and "to have them escorted by the U.S. Marshalls
to legally bring me $5,000.00 each . . . immediately."

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers,
and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under
§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of
the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

2

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  <u>ANALYSIS</u>

#### A.  *Attorneys Lamar and Gordon*

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the instant case, Plaintiff fails to meet the second element of a § 1983 claim. That is, he fails to demonstrate that Defendants Lamar and Gordon were acting under color of state law. The law is clear. "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Mills v. Criminal*

4

*Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and generally are not subject to suit under section 1983."). While an exception exists if the attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), no such allegation has been made.

Because neither counsel Lamar nor Gordon is a state actor, Plaintiff has failed to state a cognizable claim against them.

### B. Sheriff Glenn

#### 1. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendant Glenn, therefore, are actually against Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v.*

*City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting

*Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate

municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the

policy to the municipality, and (3) show that his particular injury was incurred due to execution

of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis

Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, none of the allegations in the complaint demonstrate that any alleged

wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by

Daviess County.  Accordingly, the complaint fails to establish a basis of liability against the

municipality and fails to state a cognizable § 1983 claim.  The official-capacity claims against

Defendant Glenn must be dismissed.

### 2. *Individual-capacity claims*

A complaint must contain "'either direct or inferential allegations respecting all the

material elements to sustain a recovery under *some* viable legal theory.'"  *Scheid v. Fanny

Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford

Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  This means that Plaintiff must "allege 'with

particularity' all material facts to be relied upon when asserting that a governmental official has

violated a constitutional right."  *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834,

842 (6th Cir. 2002).

6

Plaintiff does not allege that Defendant Glenn violated a specific federal constitutional right or other federal law.  Rather, he alleges that the attorney Defendants violated the Sixth Amendment.[1]  No provision of the Sixth Amendment applies to the facts alleged by Plaintiff against Defendant Glenn as Plaintiff merely states that the "the Sheriff's Office was sole fudiciary on my estate, Joe Glenn" and that "[s]ince Joe Glenn couldn't locate me, [and] no one else protesting, everthing including personal items were sold."  To the extent he may be attempting to allege a due process violation under the Fourteenth Amendment, Plaintiff has not alleged facts demonstrating that Defendant Glenn had anything to do with the court-ordered sale of his purported property or in any respect violated due process.  Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Glenn in his individual capacity.[2]

---

[1]Under the Sixth Amendment:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[2]In a related case filed by Plaintiff, he states that "[o]n October 2, 2009 a hearing was ordered for the sale of my estate."  *See Howard v. Payne et al.*, No. 4:12CV-123-M.  It therefore appears that any claim against Defendant Glenn also is barred by the one-year statute of limitations.  *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (holding that in Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1)).

For the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date:   January 22, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Daviess County Attorney
4414.005

8